IN THE COURT OF COMMON PLEAS
WARREN COUNTY, OHIO

| | |
|---|---|
| **ROSEANN RANDALL**<br>**1294 LOCUST FORGE LANE**<br>**LEBANON, OHIO 45036**<br><br>        **Plaintiff,**<br><br>-vs.-<br><br><br>THE TRAVELERS COMPANIES, INC.<br>485 LEXINGTON AVENUE<br>NEW YORK, NEW YORK 10017<br>Please serve:<br>The Travelers Companies, Inc.<br>c/o Corporation Service Company<br>Goodwin Square<br>225 Asylum Street, 20th Floor<br>Hartford, Connecticut 06103<br><br>AND<br><br>THE TRAVELERS INDEMNITY COMPANY<br>DBA TRAVELERS INSURANCE<br>ATTN: ALAN SCHNITZER,<br>CHAIRMAN AND CEO<br>ONE TOWER SQUARE<br>HARTFORD, CONNECTICUT 06183<br><br>AND<br><br>TRAVCO INSURANCE COMPANY<br>ATTN: ALAN SCHNITZER<br>28188 ONE TOWER SQUARE<br>HARTFORD, CONNECTICUT 06183<br><br>AND<br><br>TRAVELERS PROPERTY CASUALTY<br>INSURNACE COMPANY ONE OF THE<br>TRAVELERS PROPERTY CASUALTY<br>COMPANIES<br>ATTN: ALAN SCHNITZER | Case No: 24CV96952<br><br>Judge: Tepe<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

| |
|---|
| **ONE TOWER SQUARE**<br>**HARTFORD, CONNECTICUT 06183**<br><br>**Defendant.** |

**NOW COMES Plaintiff, Roseann Randall,** by and through undersigned counsel, and states the Complaint against the named Defendants, as follows:

## I. The Parties

1. Plaintiff Roseann Randall resides at 1294 Locust Forge Lane, Lebanon, Ohio 45036 (The Home) and has so resided at relevant times herein.

2. Defendants, The Travelers Company, Inc., The Travelers Indemnity Company DBA Travelers Insurance, Travco Insurance Company, and Travelers Property Casualty Insurance Company One of the Travelers Property Casualty Companies (Collectively, "Defendants" or "Travelers") are insurance companies which issued homeowner's policy number 602701450 633 1 (The Policy) to the Plaintiff, Roseann Randall, that provided coverage for the Home generally.

3. Pursuant to Civil Rule 10(D), a copy of the Policy is attached to this Complaint.

4. The Policy was in full force and effect on April 4, 2023.

## II. Jurisdiction and Venue

5. The Home is located in Warren County Ohio.

6. The Policy was issued to provide coverage for the Home in Warren County, Ohio.

7. The operative facts and actions that give rise to this complaint and the loss substantially occurred in Warren County, Ohio.

8. Defendants, Travelers, conduct substantial business within Warren County, Ohio.

9. Jurisdiction is properly invoked in the Warren County Court of Common Pleas.

10. Venue is proper in Warren County.

### III. Statement of Facts

11. The Plaintiff owned the Home on April 4, 2023, as a primary residence and is still owned by Plaintiff today.

12. On or about April 4, 2023, Plaintiff, suffered a substantial windstorm loss to the siding and interior of the home.

13. Plaintiff promptly notified Travelers of the occurrence on or about April 4, 2023.

14. Plaintiff fully cooperated with Travelers following the April 4, 2023, loss.

15. Plaintiff satisfied all conditions precedent to pursue a valid property loss claim under The Policy

16. Travelers failed to conduct a reasonable investigation of the loss.

17. Travelers failed to properly indemnify the Plaintiff for the loss pursuant to the terms of The Policy.

18. As a result of the loss and the failure to conduct a reasonable investigation, there was loss of use and additional damage at The Home.

19. Travelers wrongfully processed the claim in bad faith, or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiff for a covered loss.

20. Plaintiff placed reasonable reliance on Travelers that said Defendants would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for their property losses.

### COUNT I: BREACH OF CONTRACT

21. Plaintiff restates and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

22. Plaintiff had a valid contract of insurance in place with the Defendants on April 4, 2023.

23. The valid contract of insurance applied generally to 1294 Locust Forge Lane, Lebanon, Ohio 45036.

24. Defendants breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

25. Defendants breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiff according to the terms of the contract.

26. As a direct and proximate result of the breach of the insurance contract by Travelers, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

27. To the extent the conduct of Travelers, is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

28. Plaintiff restates and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

29. Defendants, Travelers, have obligation to act in good faith when determining coverage for this claim.

30. Travelers has a duty to act in good faith in adjusting the value of this claim.

31. Travelers has an independent affirmative duty to act in good faith concerning its investigation and of a claim and communication with the Plaintiff concerning this claim.
32. Plaintiff placed reasonable and justifiable reliance upon Travelers to investigate, communicate, adjust, and pay this claim.
33. Travelers breached its duty of good faith and fair dealing by engaging in the following acts or omissions without reasonable justification:
    a. failing to pay the claim promptly.
    b. failing to pay an adequate amount for the claim.
    c. failing to establish a reasonable justification for the denial of the Plaintiff's claim.
    d. taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the claim.
    e. failing to properly inspect the site of the loss.
    f. failing to properly investigate the claim.
    g. failing to properly analyze the cause of the loss and/or the applicable coverage.
    h. failing to properly review the analysis contained in any reports related to the loss in its possession.
    i. failing to properly review the available evidence related to the loss.
    j. failing to prepare a good faith estimate of damage caused by the loss.
    k. refusing Plaintiff's reasonable requests for information.
    l. failing to timely respond to Plaintiff's requests for information.

m. failing to properly train, supervise and/or instruct its adjusters and/or agents.

n. failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims.

o. failing to timely provide sufficient funds for the repairs and replacement of the subject property.

p. failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff.

q. failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance.

r. acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendants; and

s. engaging in other wrongful acts or omissions to be shown at trial on the merits.

34. Travelers' failure to properly indemnify the Plaintiff for this covered loss is without reasonable justification.

35. Travelers' failure to properly investigate this loss and properly communicate with the Plaintiff is without reasonable justification.

36. As a direct and proximate result of Travelers' bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

37. The conduct of Travelers, has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Roseann Randall, by and through counsel, demands the following relief:

**A.** Judgment against Defendants, **The Travelers Company, Inc., The Travelers Indemnity Company DBA Travelers Insurance, Travco Insurance Company, and Travelers Property Casualty Insurance Company One of the Travelers Property Casualty Companies**, jointly and severally, for the full value of the losses and damages caused by the windstrom loss at The Home on or about **April 4, 2023**, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**B.** Judgment against Defendants, **The Travelers Company, Inc., The Travelers Indemnity Company DBA Travelers Insurance, Travco Insurance Company, and Travelers Property Casualty Insurance Company One of the Travelers Property Casualty Companies**, jointly and severally, for compensatory damages related to Defendant's Bad Faith investigation, adjustment, and failure to adequately indemnify the Plaintiff for this loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**C.** Judgment against Defendant, **The Travelers Company, Inc., The Travelers Indemnity Company DBA Travelers Insurance, Travco Insurance Company, and Travelers Property Casualty Insurance Company One of the Travelers Property Casualty Companies**, jointly and severally, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**D.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action.

  **E.** An award of pre-judgment interest; and

  **F.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

             Respectfully Submitted,

             ***/s/ Ryan C. Puckett, Esq.***
             Ryan C. Puckett [Atty. Reg. #: 102389]
             Trial Attorney for Plaintiff, Roseann Randall
             Law Offices of Blake R. Maislin, LLC
             Maislin Professional Center
             2260 Francis Lane
             Cincinnati, Ohio 45206
             (513) 444-4444 Ext. 113
             (513) 721-5557 (FAX)
             E-mail: rpuckett@maislinlaw.com

## JURY DEMAND

  Plaintiff hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

             Respectfully Submitted,

             ***/s/ Ryan C. Puckett, Esq.***
             Ryan C. Puckett [Atty. Reg. #: 102389]
             Trial Attorney for Plaintiff, Roseann Randall
             Law Offices of Blake R. Maislin, LLC
             Maislin Professional Center
             2260 Francis Lane
             Cincinnati, Ohio 45206
             (513) 444-4444 Ext. 113
             (513) 721-5557 (FAX)
             E-mail: rpuckett@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendants at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

Respectfully Submitted,

*/s/ Ryan C. Puckett, Esq.*

HL 1/24/24

Ryan C. Puckett [Atty. Reg. #: 102389]
Trial Attorney for Plaintiff, Roseann Randall
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 113
(513) 721-5557 (FAX)
E-mail: rpuckett@maislinlaw.com