IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSEANN RANDALL, | : |
| *Plaintiff*, | : Case No. 1:24-cv-96 |
| vs. | : Judge Jeffery P. Hopkins |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, | : |
| *Defendant*. | : |

# ORDER

This matter came before the Court for a telephone status conference on August 23, 2024. In this insurance coverage dispute, Plaintiff Roseann Randall presents claims against Defendant Travelers Property Casualty Insurance Company for breach of contract and bad faith handling of her claim related to windstorm loss to the siding and interior of her home. This action was originally filed in the Court of Common Pleas, Warren County, Ohio, Case No. 24CV96952 entitled *Roseann Randall v. The Travelers Companies, Inc., et al.* Doc. 1-1. The action was subsequently removed to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a). Doc. 1.

This Court previously entered an Order to Show Cause why this case should not be remanded for lack of subject-matter jurisdiction. Doc. 17. Travelers has not responded within the time prescribed.

Federal courts have "an independent duty to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Ky. Press Ass'n v. Kentucky*, 454 F.3d 505, 508–09 (6th Cir. 2006) (citations omitted); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)

("Moreover, courts, including [the Supreme Court], have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

The Court finds that Defendant has not met its burden of establishing that the amount-in-controversy requirement is met. It is hereby **ORDERED** that this matter be **REMANDED** to the Court of Common Pleas, Warren County, Ohio.

**IT IS SO ORDERED.**

October 3, 2024

Jeffery P. Hopkins
United States District Judge